

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 25 2023

CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES of AMERICA

Plaintiff,

V.

Michael Demon JACKSON

Defendant

Case no. 3:14-CR-00238-D-1

Michael Demon Jacksons motion for a Sentence
Reduction and/or Compassionate Release under
18 U.S.C. 3582(c)(1)(A)

Comes Now, Michael Demon Jackson, the undersigned
defendant, appearing in a pro se capacity,[1] pursuant to
18 U.S.C. 3582(c)(1)(A) and the First step Act of 2018,
respectfully moves the court for a Sentence Reduction and
or Compassionate release for the extraordinary and compelling
reasons presented herein.

## INTRODUCTION

Compassionate release is not a new remedy, It
dates back at least to the Parole Reorganization Act of 1976.
The Parole Act provided: "At any time upon motion of
the Bureau of Prisons, the court may reduce any
minimum term to the time the defendant has served."
18 U.S.C. 4205(g)(repealed 1987). The capriciousness of that
text authorized the BOP to request (and district courts
to grant) reduction for a wide range of reasons.

In 1984, Congress enacted the Sentencing Reform
Act. In that act, Congress abolished

_____
1. In light of his pro se status, Jackson respectfully asks the Court to give this pleading a liberal
construction in accordance with the doctrine articulated by the Supreme Court in
Haines v. Kerner, 404 U.S. 519 (1972)

(1)

Federal parole an forbade the federal courts from modify[ing] a term of imprisonment once it has been imposed". United States v. Jones, 980 F3d 1098, 1103-04 (6th Cir. 2020) alteration in original)(quoting Pub. L wo. 98-473, Title II, Ch. 2, §212(a) . 98 Stat. 1837, 1998 (enacting 18 USC § 3582(c))). But congress retained an exception for compassion-release motions. See 18 U.S.C. § 3582(c)(1)(A)(1984)(providing that the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment under (certain conditions) That exception-like its Parole Act Predecessor - gave [the] BOP exclusive power over all avenues of compassionate release" United States v. Buskea 976 F3d 228, 231 (2d Cir. 2020).

In the first 34 years following enactment of the Sentencing Reform Act, compassionate release required four things. First it required a motion from the BOP without the BOP's Request, the prisoner could not obtain relief, Second it required one of two conditions now listed in § 3582(c)(1)(A); that is "extraordinary and compelling Reasons" under § 3582(c)(1)(A)(i). Third it required the sentence reduction to be "consistent with applicable policy Statements issued by the Sentencing Commission" And forth it required the district court to exercise its discretion to grant the BOP's motion after considering the applicable sentencing factors under 18 U.S.C. § 3553(a). See e.g. Unitedstated v. Lightfoot 724 F.3d 593, 596-98 (5th Cir. 2013)

The second of these requirements was notoriously thorny. Congress never defined or provided examples of "extraordinary and compelling reasons" that might warrant a reduction. Instead, it delegated that authority to the Sentencing Commission. The Sentencing Reform Act instructed the Commission to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A)" that "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. 994(t). It provided just one restriction: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Ibid.

The third requirement—consistency with the Commission's policy statements—was illusory. That's because it took the Commission 22 years to issue any policy statement under 3582(c)(1)(A). And even after the Commission issued its first policy statement in 2006, it was "little more than an unenlightening repetition" that "parroted" the statute's language. Jones, 980 F.3d at 1104. Like the statute, the policy statement said a court could reduce a prisoner's sentence "upon motion of the Director of the Bureau of Prisons." U.S.S.G. 1B1.13. And like the statute, the policy statement provided that a court could do so if "extraordinary and compelling reasons warrant the reduction" without defining "extraordinary and compelling reasons." Ibid. The

only part of 1B1.13 that did not come from 3582 was the commissions commentary, Application note 1 of the commentary Articulated four categories of "extraordinary and compelling reasons" that could warrant the sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances, and (D) other reasons. Id. cmt. n.1.

In December of 2018, President Trump signed the FSA into law. The FSA made many changes to the United States code, but it made only one change to the compassionate-release framework in 3582. See Brooker, 976 F.3d at 230

Before the FSA amendment, the relevant provision of 3582 read: "The court, upon motion of the Director of the Bureau of Prisons, may reduce [a prisoner's] term term of imprisonment..." 18 U.S.C 3582(c)(1)(A)(2012). The FSA amended that text to read: "The court upon motion of the Director of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants facility, whichever is earlier, may reduce (a prisoners) term of imprisonment." 18 U.S.C 3582(c)(1)(A)(2018) (italics indicating amendment). That change was obviously very important. It eliminated the first of the pre-FSA requirements for a 3582 motion namely a motion

by the BOP. For the first time, prisoners
like Jackson can now move on their own accord.
But the FSA left undisturbed the other three
§ 3582 requirements. Prisoners like Jackson still
must show "extraordinary reasons" they still must show
that compassionate release is consistent with applicable
policy statements from the commission; and they still
must convince the district Judge to exercise discretion
to grant the motion after considering the § 3553(a)
factors. And all of this is made more complicated
by the fact that the Commission — which took 22
years to adopt its first policy statement under 3582
(c)(1)(A)(i) — has not yet adopted a new statement to
implement the FSA.

The text of 1B1.13 says it only applies to motions
of the Director of the Bureau of Prisons. USSG § 1B1.13
That makes sense because in 2006 (when the sentencing
Commission issued the policy statement) and in November
of 2018 (when the commission last amended it) the BOP
had exclusive authority to move for a sentence reduction.
See Brooker, 976 F.3d at 231. When Congress enacted
the FSA in December of 2018, it gave prisoners
authority to file their own motion for compassionate
release; but it did not strip the BOP of authority to
continue filing such motions on behalf of its inmates.
See 18 USC 3582(c)(1)(A) (Providing that a court
may grant compassionate release "upon motion of the
Director of the Bureau of Prisons, or upon motion of
the Defendant") So the policy statement continues to

govern where it says it governs on the
" motion of the Director of the Bureau of Prisons"
U.S.S.G § 1B1.13 But it does not govern here
on the newly authorized motion of a prisoner.
   The text of the commentary confirms the
limited applicability of § 1B1.13. Application note
4 of the commentary make clear that a' reduction
under this policy statement may be granted only upon
a motion by the Director of the Bureau of Prison.
"U.S.S.G 1B1.13 cmt. n.4 (emphasis Added). That note
expressly limits the policy statement's applicablity to
motions filed by the BOP.
   The district court cannot rely on pieces of text in
an otherwise inapplicable policy statement. See United States v,
McCoy. 981 F.3d 271, 282 (4th Cir. 2020)(refusing to "do some
quick judicial surgery on § 1B1.13.. [and] assume that what
remains... Applies to defendant-Filed as wel as BOP-filed
motions"). It's true that Application note 1 defines
extraordinary and compelling reasons, by articulating four
categories of reason that could warrant a sentence reduction.
But this "Text may not be divorced from context."
United States v. Graves, 908 F.3d 137, 141 (5th Cir 2018)
(quoting Univ. of TX. SW. Med. Ctr. v. Nassar, 570 U.S 338,
353 (2013)); see also ANTONIN SCALIA & BRYAN GARNER,
READING LAW: THE INTERPRETATION OF LEGAL TEXT 56
(2012)("The words of a governing text are of paramount
concern, And what they convey, In their context, is
what the text means") And the context of the policy
statement shows that it applies only to motions filed
by the BOP. Just as the district court cannot rely

⑤

on a money-laundering guideline in a murder case, it cannot rely on the BOP specific policy statement when considering a non BOP § 3582 motion. Whereas neither the policy statement nor the commentary to it binds a district court addressing a prisoner own motion under § 3582. The district court is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a). In reaching this conclusion, the Fifth Circuit in United States v. Shkambi aligned with every circuit court to have addressed the issue, 993 F.3d 388, 390-93 (5th Cir. 2021) See United States v. McGee, 992 F.3d 1035, 1050-51 (10th Cir. Mar. 29, 2021) United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); McCoy 981 F3d at 284; Jones, 980 F3d at 1111; Brooker, 976 F.3d at 234,

(b)

In the case at bar Jackson was sentenced to a term of 594 months imprisonment just six months shy of 50 years. 32 years of Jackson's sentence was imposed by the court, based on the applicable legal authority at the time of his sentencing, mandating consecutive terms of 7 years and 25 years for his § 924(c) convictions (counts 4 and 6). A defendant sentenced today for the same exact crimes in convictions Jackson was convicted of would not be subject to the "stacked" terms or Provision

## STATEMENT OF THE CASE

On June 18, 2014 the grand jury sitting in the Northern District of Texas Indicted Jackson on multiple Counts of Conspiracy to interfere with commerse by robbery in violation of 18 U.S.C 1951, And Brandishing A fire arm during And in relation to a crime of violence, aiding and abetting in violation of 18 U.S.C 924(c)(1)(A)(ii) and 2.

On October 14, 2014 Jackson entered into a Agreement with the United States Northern District of Texas (Dallas) and Agreed to Plea Guilty to (count one) 18 U.S.C. 1951 (count four) 18 U.S.C. 924(c)(1)(A)(ii) and 2; And (counts six) 18 U.S.C. 924(c)(1)(i) and 2,

On May 15, 2015, the United States and the Honorable Chief Judge Sidney A. Fitzwater entered Judgement Finding Jackson guilty of count one, four, and six. The district Court sentenced Jackson to A term of imprisonment of 210 months As to count one, to run consecutively with Count four and six; 84 months As to count Four and 300 months As to count six. To AN Aggreate term of 594 months to run consective With 2 years supervised release on each count,

On June 21, 2016, Jackson filed a 2255 motion to vacate (Johnson)(Criminal Case Number 3:14-cr00028) The Court of Appeal for the Fifth Circuit AFFIRMED Jacksons conviction an Sentence on July 20, 2017

RELEVANT FACTS

This case reflects the serious implications the interpretation of federal law can have on a persons life. Why? because of the interpretation of a very commonly charged offense in federal courts. The use of a firearm in connection with a crime of violence or drug trafficking offense; in Jacksons case, crimes of violence See 18 U.S.C.§924(c). At the time of his sentencing, the Judge; as required by federal law, imposed consecutive mandatory minimum terms of imprisonment totaling 384 months for Jacksons two §924(c) convictions. For one of the counts, the court imposed a 25-year term based on the statute's language interpreted by federal courts.

In the First Step Act, congress responded to the debauchery flooding the federal Judiciary and congress with regards to §924(c) "stacking provision." Congress expressly changed the statutory language to make clear that the 25-year mandatory minimum terms of imprisonment are for persons who have had prior §924(c) convictions that have become final. This Amendment, however, was not specifically directed to apply retroactively to persons such as Jackson; but rather prospectively to new cases. If Jackson were to be sentenced today, his mandatory minimum for the 924(c) convictions would be five years each; totaling 120 months. When combined with his other 210 month, this would produce a term of 330. This term is almost half the 594 months Jackson was sentenced to. This gross sentencing disparity- which is prepetuated by a flawed interpretation of statutory language- is the kind of extraordinary and compelling reason § 3582(c)(1)(A) empowers the court with authority and discretion to remedy,

8

## ARGUMENT AND AUTHORITY

THE EXTRAORDINARY AND COMPELLING REASONS PRESENT IN JACKSON'S CASE WARRANT A REDUCTION IN HIS SENTENCE AND THE COURT SHOULD GRANT THIS MOTION UNDER 18 USSC§ 3582(c)(1)(A)

In Accordance with the "parsimony provision," courts are instructed to "impose a sentence that is "sufficient but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C; 3553(a)

The Sentencing Reform Act "SRA" places the Avoidance of unwarranted disparity at the forefront of its directives to both the courts and the commission. Among the factors courts must consider in the imposition of sentence is "the need to Avoid unwarranted sentence disparities Among defendants with similar records who have been found guilty of similar conduct." While the statute expressly directs that courts "shall" consider this objective in their sentencing decisions, the Accompanying directives to sentence within the Applicable guideline range or depart from the range based on reasons stated on the record, together with the provision for Appellate review, Are the SRA's principal means of Assuring that court sentencing decisions will further disparity reduction goals.

The term extraordinary is defined as going beyond what is usual, regular, or customary; or something that is An exception to a very marked extent.

Compelling means something that is forceful, demanding Attention, And convincing. In this case, Jackson's sentence is just six months shy of 50 years. Jackson does not attempt to downplay the Seriousness of his offenses or

9

the fact that the crimes he was found guilty of
deserve severe punishment. Jackson has been incarcerated
for almost 10 years for the crimes he committed. The
average person convicted and sentenced for same crimes
Jackson committed would have a sentencing guideline
range of 5 years for each 924(c) conviction. However,
because Jackson was sentenced more than 10 years ago,
he remains unjustly sentenced to almost 50 years imprisonment.

A defendant sentenced today for the same number of
Section 924(c) offenses could be released before a defendant
sentenced more than 10 years ago. See "Limiting Section
924(c) Stacking." The First Step Act of 2018: One Year
of Implementation, United States Sentencing Commission,
at 34 (August 2020), www.ussc.gov/sites/default/files/pdf/
research-and-publications/research-publications/2020/20200831
First-Step-Report.pdf. For example, a defendant sentenced in
2011 to two counts under section 924(c) would receive a
minimum sentence of 30 years imprisonment, Id. He
would not be released until 2041. A defendant sentenced
today on the same counts would receive a minimum of
10 years imprisonment, Id. He would be released in 2031.
Not only would the defendant sentenced today receive 20
years less than the defendant sentenced pre-FSA, he would
be released ten years sooner. No one can dispute that
such a result is absurd. Congress could hardly have
intended such a result. See Disabled in Action of Pa. v. Se. Pa.
Transp. Auth., 539 F.2d 199, 210 (3d Cir. 2008)(quoting Public
Citizen v. U.S. Dept of Justice, 491 U.S. 440, 454(1989)

10

(When interpreting a statute, courts must "Avoid constructions that produce odd or Absurd results or that are inconsistent with common sense")(internal quotations omitted) See also 2A N. Singer, Sutherland Statutes, And Statutory Construction § 45:12, at 92 (6th ed. 200)

At the same time that the FSA significantly lowered the Section 924(c) stacking penalties, it did not make the change retroactive. Of course, one could argue that had Congress wanted the amendment to be applied retroactively, it would have explicitly done so. However, there is a reasonable explanation why it did not. It intended that each case, the courts should determine whether an individual defendant was entitled to the benefit of the new sentencing scheme.

Congress chose not to implement a categorical approach automatically granting a reduction for defendants sentenced prior to the FSA. Had it done so, there would have been no Section 3553(a) and "danger to the community" analyses to determine whether the defendant merited a sentence reduction And would not endanger the safety of the community. Defendants would have been released without any vetting. Congress was aware of the compassionate release statute when it declined to adopt the change to Section 924(c) retroactively. Mindful that the compassionate release statute provided for such an individual assessment, it left it to the court to determine on a case-by-case basis whether a reduction, based in part on the sentence disparity created by the FSA, is Justified. See Erlenbaugh v. United States, 409 U.S. 239, 244 (1972)("the Principle that individual sections of a single statute should be construed together.... necessarily Assumes that whenever

Congress passes a new statute, it acts aware of all previous statutes on the same subject")(citations omitted); United States v. Ressam, 553 U.S. 272, 274 (2008)(reading § 844(h) in conjunction with § 924(c) to conclude the word "during" denotes a temporal link between the carrying of explosives and the commission of a felony); United States v. Stokes, 858 F. Supp. 434, 443 (D.N.J 1994)("Congress is presumed to have known of the existence and scope of [pre-FSA] Section 924(c)" and its interaction with the new carjacking offense enacted in section 2119, which falls "squarely within [its] definition of a violent crime"): Antonin Scalia and Brian A. Garner, Reading Law: The Interpretation of Legal Texts (2012)("[L]aws dealing with the same subject - being in pari materia (translated as 'in a like manner') - should if possible be interpreted harmoniously,")

In 2018, as part of the sweeping criminal justice reform of the First Step Act, Congress amended § 924(c) to ensure that stacking applied †only to defendants who were truly recidivists. Under the First Step Act's new framework, only a defendant who has a prior final § 924(c) conviction is subject to the escalating mandatory-minimum sentences for a subsequent 924(c) conviction. Accordingly, if Jackson were sentenced today, the applicable 924(c) mandatory consecutive minimums in his case would be 10 years." District courts must consider whether 924(c) stacking 'in whole or in part' may constitute grounds for compassionate release. (citing United States v. Cooper, 996 F.3d 283 (5th Cir. 2021))" United States v. Lee (E.D. La 2021).

The First Step Act's clarification of 924(c) resulted in

not just any sentencing change, but an exceptionally dramatic one. The Bryant defendants are a good example. Sentenced before the First Step Act, each received a 45 year mandatory minimum sentence under 924(c), including two consecutive 20-year sentences for "second and subsequent" convictions. Today, with sentence-stacking eliminated, each would have been sentenced under 924(c) not to 45 years, but to 15 - making their sentences a full 30 years longer" than what Congress has now deemed an adequate punishment for comparable 924(c) conduct" Redd, 444 F. Supp. 3d at 723.

Here, there is a gross disparity between Jacksons sentence and a likely sentence for identical criminal conduct today. See United States v. Brown, 457 F. Supp. 3d 691, 703 (S.D. Iowa 2020)("It is hard to argue that the manifest unfairness of keeping a man in prison for decades more than if he had committed the same crime today is neither extraordinary no compelling.") Jackson total sentence today would be almost half of his current sentence: 330 months, rather than 594 months. Importantly, this disparity is primarily the result of what one district court described as a "legislative rejection of the need to impose sentences under 924(c), as originally enacted, as well as a legislative declaration of what level of punishment is adequate." United States v. Redd, 444 F. Supp. 3d 717, 723 (E.D. VA 2020); See Also United States v. Young, 458 F. Supp 3d 838, 847-48 (M.D. Tenn 2020)(reasoning that the fact that Congress characterized its action as a "clarification of 924(c)" suggests that it never intended the triggering of such harsh penalties upon a first conviction in the first instance) United States v. Lee (E.D. LA 2021)

13

The incredible length of Jackson's stacked mandatory sentences under 924(c), and the fact that he would likely not receive the same sentence if the crime occurred today constitutes extraordinary and compelling grounds to reduce his sentence as to counts four and six which make up his two 924(c) convictions. See e.g. United States v. Urkevich, No. 8:03 CR37, 2019 WL 6037391, at *8 (D. Neb. Nov. 14, 2019)("A reduction.... is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration 20 longer than Congress now deems warranted for the crimes committed"); Maumau, 2020 WL 806121, at *7 ("The changes in how 924(c) sentences are calculated is a compelling and extraordinary reason to provide relief on the facts present here"); United States v. Chan, No. 96-cr-00094, 2020 WL 1527895, at *5 (N.D.Cal. Mar 31, 2020)(" When the court considers the record presented by Chan regarding his rehabilitation efforts in combination with the amendments to section 924(c)'s stacking provisions, the court concludes he has demonstrated extraordinary and compelling reasons to reduce his sentence") United States v. Markha, No. 2:95-CR-00220-001, 2021 WL 8321L8, at *4 (D. Utah Jan. 11, 2021)(finding that the defendant "young age at the time of sentencing, the incredible length of his sentence, and Congress's subsequent decision to amend 924(c), considered together, establish extraordinary and compelling reasons for his compassionate release") United States v. Rollins, No 99 CR 771-1, 2021 WL 1020998, at *4 (N.D.Ill Mar. 17, 2021)(concluding the defendant 106-year sentence for four stacked 924(c) charges presented an extraordinary reasons for a sentence reduction) United States v. Lee (E.D.La. 21

14

Multiple district Courts have concluded that the Severity of a 924(c) sentence, combined with the enormous disparity between that sentence And the Sentence a defendant would receive today, can constitue an "extraordinary And compelling" reason for relief under 3582(c)(1)(A), See Bryant, 2020 WL 2085471, at *3 (citing cases); See also, e.g. Jones ——F. Supp. 3d at —— 2020 WL 5359636, at *7; United States v. Haynes, 456 F. Supp. 3d 496, 514-16 (E.D.N.Y. 2020); Redd 444 F. Supp 3d at 723-24; Young, 458 F. Supp. 3d at 848; United States v. Maumau, No. 2:08-Cr-00758-TC-11, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020

There is a growing consensus among Circuit Courts that the Severity of a (pre-first step Act) 924(c) sentence, combined with the enormous disparity between that sentence And the Sentence a defendant would receive today, can Constitute an "extraordinary and compelling" reason for relief in certain cases. See United States v. Cooper, 996 F.3d 283, 289 (5th Cir. 2021)(instructing a district court on remand to consider whether nonretroactive sentencing changes to 924(c) conviction may Amount to extra ordinary And compelling reasons for a reduction in Sentence); See Also United States v. McCoy, 981 F.3d 271, 285 (4th Cir. 2020) Supra; United States v. Black, 999 F.3d 1071, 1076 (7th Cir. 2021); United States v. Owens, 996 F.3d 755, 760 (6th Cir 2021).

As discussed Above, a defendant convicted today of the Same 924(c) charges as Jackson would face A statutory minimum prison term that is 22 years less than Jackson was Sentenced to... What's more, Jackson original 594-month sentence is also substantially longer than the Average

sentence imposed in recent years for at least as serious, if not more, serious crimes. This court would not be diminishing the seriousness of Jacksons actions if it reduced his sentence. It would be merely avoiding unwarranted sentencing disparities.

Mr. Jackson has completed numerous educational and programming courses throughout the duration of his incarceration in the Bureau of Prisons. This post-conviction rehabilitation expressly reflects Jacksons true desire to better himself and live a productive and successful life upon his reentry into society. Importantly, evidence of post-sentence rehabilitation is likely the most critical core considerations for the court in a 3582(c) proceeding. In Pepper v. United States, 562 U.S 476 (2011) the court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendants' post incarceration conduct", Id. Indeed, the court continued, "post-sentence rehabilitation may also inform a sentencing judge overarching duty under 3553(a) to impose a sentence sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 3553(a)(2)." Id at 1242.

This Court should reduce Mr. Jacksons sentence to be in line with those who would be sentenced today on the same charges. A sentence within the current guideline range is entirely appropriate to fulfill the 3553(a) factors important objectives.

## CONCLUSION - PRAYER FOR RELIEF

Wherefore, for the extraordinary and compelling reasons presented herein, Jackson prays the Court will grant this motion and reduce his term of imprisonment and/or grant him compassionate release. Jackson further prays the court will grant him any other form of relief he may be entitled to which it deems Just and appropriate.

Date: 9-19-23

Respectfully submitted,

Michael B Jackson

Michael Demon Jackson #48182-177
USP Beaumont
P.O. Box 26030
Beaumont, Texas 77720

Pro Se Defendant

## CERTIFICATE OF SERVICE

I, Michael Demon Jackson, hereby certify that on this 9-19-23

A true and correct copy of the foregoing document was deposited in the United States mail, with Sufficient pre-paid postage affixed thereon, Addressed to:

United States District Court Clerk,
Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, Texas 75242

MICHAEL DEMON JACKSON, 48182-177
BEAUMONT USP     UNT: F/B     QTR: F03-304L
P. O. BOX 26035
BEAUMONT,   TX 77720

**FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1089196-F1**

This is in response to your Request for Administrative Remedy received on June 23, 2021, in which you request a "Compassionate Release" under the "Cares Act." Additionally, you indicate if sentenced today, you would not have received the same sentence due to intervening changes in law.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence, Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. This request has been evaluated consistent with this general guidance.

RIS consideration may be given to inmates, who have an incurable, progressive illness or who have suffered a debilitating injury from which they will not recover. After reviewing your criminal history and your medical records. Your submitted request does not meet the criteria.

To the extent you may be appealing this decision on the "stacked" nature of your sentences, under Program Statement 5050.50, Compassionate Release/Reduction in Sentence, Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), an inmate is allowed to initiate a request for consideration under 18 U.S.C. § 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing.

The passage of the First Step Act does not meet these criteria. If you believe the First Step Act may qualify you to relief, please address the issue with your sentencing court directly, subject to any time limits, which may be in effect to file such claims.

**FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1089196-F1**
**Page 2**

Accordingly, your Request for Administrative Remedy is denied.

If you are not satisfied with this response, you may appeal to
the Regional Director at Bureau of Prisons, South Central
Region, South Central Regional Office, 344 Marine Forces Drive,
Grand Prairie, Texas 75051.  Your appeal must be received in the
South Central Regional Office within 20 calendar days of the
date of this response.

_____          _8/6/2001_
Bryan K. Dobbs, Complex Warden            Date

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _Jackson Michael D._   _48182-177_   _FB_   _USP Beaumont_
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**

I respectfully appeal the decision and determination of Unit Team denying my reasonable request for Compassionate Release under the First Step Act and 18 USC §3582(c)(1)(A)(i).

If sentence today, I would not be sentence to the same term of imprisonment due to intervening changes in the law, and other sentencing factors

_7-16-21_          _7-16-21_  _Michael D. Jackson_
DATE                  SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED

JUL 2 3 REC'D

Warden's Office
USP Beaumont, TX

_____          _____
DATE                                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: _1089196-F1_

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____          _____
DATE                                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

BMX1330.17A
September 12, 2012
Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.16, Administrative Remedy Program,
(December 31, 2007), requires, in most cases, that inmates attempt informal resolution of
grievances prior to filing a formal written complaint.   This form shall be used to document
your efforts towards informally resolving your grievance.

Inmate Name: Michael Demon Jackson   Reg. No.: 48182-177   Unit: FB

Specific Complaint and Requested Relief: I respectfully request that
I be consider for Compassionate Release pursuant
to Title 18 USC § 3582 (c)(1)(A). Following the First
Step Act, sec Pub. L. 115-391, 132 Stat. 5194, I am permitted
to request for relief from the warden. If I where
today. I would not be sentence to the same am-
ount of imprisonment due to intervening laws.
from the supreme court and court of Appeals
for the Fifth circuit.

6-21-21

Efforts Made By Inmate To Informally Resolve Grievance (be specific): _____

NONE

Counselor's Comments: You are ineligible based
upon your Pattern Score of Medium.

_____ 7/6/21          _____ 7/6/21
Correctional Counselor's Review / Date          Unit Manager's Review / Date



| **Individualized Needs Plan - Program Review   (Inmate Copy)** | SEQUENCE: 01895543 |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | Team Date: 06-13-2023 |
| Plan is for inmate: JACKSON, MICHAEL DEMON  48182-177 | |

| | | | |
|---|---|---|---|
| Facility: | BMP  BEAUMONT USP | Proj. Rel. Date: | 08-26-2056 |
| Name: | JACKSON, MICHAEL DEMON | Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| Register No.: | **48182-177** | DNA Status: | SEA07010 / 05-27-2015 |
| Age: | 45 | | |
| Date of Birth: | 07-04-1977 | | |

**Detainers**

| Detaining Agency | Remarks |
|---|---|
| TEXAS | WARRANT# 219-81615-2015/ POSS CS PG 1G |
| | WARRANT# 219-81797-2014-1/ THEFT PROP. |
| | 972-547-5134 |

**Pending Charges**

COLLIN CO. SHERIFF'S OFFICE, MCKINNEY, TEXAS  WARRANT# 219-81615-2015/ POSS CS PG 1G  WARRANT# 219-81797-2014-1/ THEFT PROP.

STX TARRANT CO. SHERIFF'S OFFICE, FT. WORTH, TEXAS  WARRANT# 1366243/ THEFT PROP UNDER 1500 (2 PRIORS)

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| BMP | AM COOK | AM COOK | 03-21-2023 |

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| BMP | ESL HAS | ENGLISH PROFICIENT | 06-12-2015 |
| BMP | GED HAS | COMPLETED GED OR HS DIPLOMA | 06-12-2015 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| BMP | | CDL ACE CLASS | 03-05-2023 | CURRENT |
| BMP | C | CAREER DEVELOP. SAT.1:30P RPP6 | 03-01-2017 | 06-05-2017 |
| BMP | C | CAREER DEVELOP. SAT.1:30P RPP6 | 11-20-2016 | 02-01-2017 |
| BMP | C | RPP CORE 1 - HEALTH | 09-06-2015 | 09-06-2015 |

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|
| ** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ** | |

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 06-15-2015 |
| CARE1-MH | CARE1-MENTAL HEALTH | 07-07-2015 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 09-01-2020 |
| NO PAPER | NO PAPER MEDICAL RECORD | 06-10-2015 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 06-15-2015 |
| YES F/S | CLEARED FOR FOOD SERVICE | 06-10-2015 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| DAP REFER | DRUG ABUSE PROGRAM REFER | 06-29-2015 |
| ED COMP | DRUG EDUCATION COMPLETE | 09-21-2015 |
| MAT PART | MED ASSIST TRMT PARTICIPANT | 04-03-2023 |

**FRP Payment Plan**

| Most Recent Payment Plan |
|---|
| |



**Individualized Needs Plan - Program Review**   (Inmate Copy)

SEQUENCE: 01895543

Dept. of Justice / Federal Bureau of Prisons

Team Date: 06-13-2023

Plan is for inmate: JACKSON, MICHAEL DEMON  48182-177

| Most Recent Payment Plan |
|---|

**FRP Assignment:**   **PART**   **FINANC RESP-PARTICIPATES**   **Start: 06-24-2015**

Inmate Decision:   **AGREED**   **$25.00**   Frequency:   **QUARTERLY**

Payments past 6 months:   **$50.00**   Obligation Balance: **$554,837.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $300.00 | $0.00 | IMMEDIATE | COMPLETEDZ |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |
| 2 | REST FV | $555,287.00 | $554,837.00 | IMMEDIATE | AGREED |

| Adjustments: | Date Added | Facl | Adjust Type | Reason | Amount |
|---|---|---|---|---|---|
| | 06-10-2023 | BMP | PAYMENT | INSIDE PMT | $25.00 |
| | 01-11-2023 | BMP | PAYMENT | INSIDE PMT | $25.00 |

**FRP Deposits**

Trust Fund Deposits - Past 6 months:   $610.50   Payments commensurate ?   Y

New Payment Plan:   ** No data **

**Current FSA Assignments**

| Assignment | Description | Start |
|---|---|---|
| FTC INELIG | FTC-INELIGIBLE-REVIEWED | 12-05-2019 |
| INELIG AUT | FTC-INELIGIBLE OFF CODE - AUTO | 12-17-2019 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 06-13-2023 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 06-13-2023 |
| N-COGNTV Y | NEED - COGNITIONS YES | 06-13-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-28-2021 |
| N-EDUC N | NEED - EDUCATION NO | 06-13-2023 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 06-13-2023 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 06-13-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 06-13-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 06-13-2023 |
| N-RLF Y | NEED - REC/LEISURE/FITNESS YES | 06-13-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 06-13-2023 |
| N-TRAUMA Y | NEED - TRAUMA YES | 06-13-2023 |
| N-WORK Y | NEED - WORK YES | 06-13-2023 |
| R-HI | HIGH RISK RECIDIVISM LEVEL | 06-13-2023 |

**Progress since last review**

Inmate Jackson was recommended to enroll in the CDL course this review period. He is currently enrolled in the CDL and the Resolve Workshop courses.  He is on the waiting list for Anger Management; Brain Health As You Age; and K2 Awareness courses.

**Next Program Review Goals**

Inmate Jackson is recommended to complete the CDL and the Resolve Workshop courses, and in accordance with his needs assessment inmate Jackson is recommended to enroll in the Anger Management by his next review 12/2023.

**Long Term Goals**

Inmate Jackson is recommended to enroll/complete the T-Business Management LSCPA course by 4/2025.  This course will benefit inmate Jackson in his transition back into society, once released from custody.

**RRC/HC Placement**

No.
Other detaining authority will take custody upon release.
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources : There is available Residential Re-Entry Centers (RRC) in his release area.
- Offense : Refer to SENTRY
- Prisoner : Refer to SENTRY
- Court Statement : Refer to J&C
- Sentencing Commission : There is no pertinent policy by the Sentencing Commission.

The Unit Teams recommendation is intended to aid him in implementing his plan for release, which includes securing a residence, employment, and making a successful reintegration into the community.



### Individualized Needs Plan - Program Review    (Inmate Copy)
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: JACKSON, MICHAEL DEMON   48182-177

SEQUENCE: 01895543
Team Date: 06-13-2023

**Comments**

BP-338 Next Update:  Jan 2024
Current Points:  26



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: JACKSON, MICHAEL DEMON  48182-177

SEQUENCE: 01895543
Team Date: 06-13-2023

Name: JACKSON, MICHAEL DEMON          DNA Status:  SEA07010 / 05-27-2015
Register No.: **48182-177**
Age: 45
Date of Birth: 07-04-1977

Inmate   (JACKSON, MICHAEL DEMON. Register No.: 48182-177)

Date

Unit Manager / Chairperson                    Case Manager

Date                                          Date

# CERTIFICATE OF COMPLETION

AWARDED TO

# Michael Jackson

for successful completion of

# First Step Act: Traumatic Stress & Resilience

at United States Penitentiary, Beaumont



April 7, 2023

M‌cLarty

Dr. McLarty
Staff Psychologist



THIS CERTIFIES THAT

*MICHAEL  JACKSON*

HAS SATISFACTORILY COMPLETED

CAREER DEVELOPMENT

CONSISTING OF 16 HOURS OF INSTRUCTION

M.NED, ACE COORDINATOR

#48182-177
USP BEAUMONT
P.O. Box 26030
BEAUMONT, TX 77720

RECEIVED - 7

SEP 2 5 2023

MAILROOM

X-RAY

ATT. OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 Commerce - Room 1452
DALLAS, TX 75242 - 1495