IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:14-CR-238-D |
| VS. | § | |
| | § | |
| MICHAEL DEMON JACKSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Michael Demon Jackson ("Jackson") moves for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A). The court denies the motion. In the apt words of the government's opposition response, "[o]verlaying all of the [18 U.S.C. §] 3553(a) sentencing factors is the fact that Jackson is a violent recidivist and has proven many times he will meet those individuals closest to him, as well as complete strangers, with rage and violence." Gov't Resp. (ECF No. 93) at 7.

I

Jackson pleaded guilty to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (count 1); using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (count 4); and using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(C)(i) and 2 (count 6). On May 15, 2015 the court sentenced him to 210 months'

imprisonment on count 1, 84 months' imprisonment on count 4, and 300 months' imprisonment on count 6 to run consecutively, for a total of 594 months, followed by 2 years of supervised release on each count, to run concurrently. Jackson filed a motion to vacate under 28 U.S.C. § 2255, which this court denied. He now moves for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government opposes Jackson's motion.[1]

## II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court

---

[1]On September 29, 2023 the court entered an order directing the government to file a response to Jackson's motion and permitting Jackson to file a reply no later than November 22, 2023. The government filed its sealed response on October 25, 2023. Jackson has not filed a reply, and the motion is now ripe for a decision.

[2]Jackson attaches to his motion a copy of what appears to be an August 6, 2021 denial of his June 23, 2021 request for compassionate release, an appeal of that denial, and documentation of his informal resolution attempt. Based on these documents, the court will assume *arguendo* that Jackson has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

must "consider[] the factors set forth in 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner. And this court has not hesitated to reduce a lengthy prison sentence—indeed, one longer than the one Jackson received here—where warranted under the § 3353(a) factors. *See United States v. Rainwater*, 2021 WL 1610153, at *1, 3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.) (reducing sentence of 1,117 months to 397 months, after considering § 3553(a) factors, where defendant committed a series of armed robberies involving mandatory sentence stacking under 18 U.S.C. § 924(c)).

III

Jackson contends that extraordinary and compelling circumstances warrant a sentence reduction because his 594-month term of imprisonment was based on applicable legal authority at the time he was sentenced—i.e., mandatory 7- and 25-year consecutive terms for his convictions under 18 U.S.C. § 924(c)—and that a defendant sentenced today for the same crimes would not be subject to the "stacked" terms of imprisonment under § 924(c); that if the court were to sentence Jackson today, his mandatory minimum for the § 942(c) convictions would be five years each, for a total of 120 months; that when combined with his other 210 months, his total term of imprisonment would be 330 months, which is almost half of the term to which he was sentenced; and that "[t]his gross sentencing

- 3 -

disparity—which is perpetuated by a flawed interpretation of statutory language—is the kind of extraordinary and compelling reason § 3582(c)(1)(A) empowers the court with authority and discretion to remedy."  D. Mot. (ECF No. 90) at 9.

Because the court concludes below that Jackson's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Jackson has shown an extraordinary and compelling reason.  *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors.  As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in § 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").  Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as

- 4 -

a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *Rainwater*, 2021 WL 1610153, at *3.

"When a district court denies a motion for compassionate release, it must give "'specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).  In this case, Jackson is currently serving a 594-month sentence for conspiring to rob and robbing various jewelry stores while brandishing a firearm.  He has further admitted to the commission of additional jewelry store robberies threatening physical violence with a firearm.  He is not eligible for release from prison until August 26, 2056.  At the time of sentencing, he fell into criminal history category VI, the highest category, based on multiple prior adult convictions, including, *inter alia*, for assault on three different occasions, including assault of his pregnant girlfriend; murder; aggravated assault with a deadly weapon (intentionally striking the victim with his vehicle); injury to a child (injuring a 14-year-old child by throwing a golf club and a brick through the window of the car in which he was sitting); theft, and possession of controlled substances.  Given the factual circumstances of this case, and Jackson's extensive criminal history, the court concludes that Jackson's release would not be in the interest of justice, would minimize the seriousness of his crimes, and would fail to afford adequate deterrence to this type of criminal conduct.  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his

sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Jackson fails to provide any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at \*3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Jackson's relevant offense conduct, including his repeated use of a firearm and multiple prior criminal convictions, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Jackson's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

- 6 -

\*    \*    \*

Accordingly, for the reasons explained, the court denies Jackson's September 25, 2023 motion for compassionate release.

**SO ORDERED**.

December 19, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE